UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

**CHRISTOPHER GEORGE SANDERS**  **DOCKET NO. 5:16-cv-913; SEC. P**

**VERSUS**  **JUDGE S. MAURICE HICKS**

**CADDO CORRECTIONAL CENTER, ET AL.**  **MAG. JUDGE KAREN L. HAYES**

**REPORT AND RECOMMENDATION**

Before the Court is a civil rights complaint (42 U.S.C. § 1983) filed *in forma pauperis* by pro se Plaintiff Christopher George Sanders. Plaintiff is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Caddo Correctional Center ("CCC") in Shreveport, Louisiana. Plaintiff names as defendants Commander Robert B. Wyche, Captain Rayborne, Steve Prator, Kelli Hayes, Director Wright, Lieutenant Draper, and Captain Rick Farris. Plaintiff complains that he is being denied adequate medical care in violation of the Constitution.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

**Factual Allegations**

Plaintiff alleges that, since his arrival at CCC in November 2015, he has been denied proper medications and breathing treatments. Plaintiff complains that Defendants are not taking his medical conditions seriously. (Doc. 1, p. 3).

According to his exhibits, Plaintiff submitted an administrative grievance due to a delay in receiving his breathing treatment for asthma on March 7, 2016. (Doc. 1, p. 10). The responses to his grievance indicate that the medical supervisor would be notified if Plaintiff's breathing treatments were not timely received. (Doc. 1, pp. 10-12). Plaintiff does not allege that he has been denied any breathing treatments or suffered any additional delays.

Plaintiff complains that his blood pressure medication was increased and changed, which caused him to vomit. He complains that he was required to pay for a sick call in order to have his medications discontinued. (Doc. 1, p. 4). According to the response to Plaintiff's grievance, Plaintiff had been taking amlodipine since January 20, 2016, and his dosage of clonidine was slightly increased on April 28, 2016. (Doc. 1, p. 15). On May 5, 2016, Plaintiff was prescribed Cardura for urinary issues. Plaintiff's blood pressure was checked on May 5, 2016, and on May 15, 2016. (Doc. 1, p. 15).

On Mary 31, 2016, Plaintiff asked to be taken off of several medications. On June 2, 2016, Plaintiff saw the physician, and the medications were terminated. (Doc. 1, p. 16). On June 4, 2016, Plaintiff made another sick call, but then refused to go to the infirmary. Plaintiff's blood pressure was checked on June 8, 2016, and was normal. Plaintiff's request for routine blood pressure checks was denied because his pressure was normal.

## Law and Analysis

**1.  Screening**

Plaintiff is a prisoner proceeding *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998)(per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A claim is factually frivolous when the facts alleged are "clearly baseless," a category encompassing allegations that are "fanciful," "fantastic," and "delusional." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

**2.     Medical Care**

Plaintiff complains that he is receiving inadequate medical care. The Eighth Amendment to the U.S. Constitution only proscribes "deliberate indifference to serious medical needs of prisoners." Estelle v. Gamble, 429 U.S. 97, 104 (1976). A prison official is deliberately indifferent if he is aware of facts from which an inference can be drawn that a substantial risk of serious harm exists, and he also draws the inference. See Farmer v. Brennan, 511 U.S. 825, 837 (1994). Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind. Norton v. Dimazana, 122 F.3d 286, 291 (5th Cir. 1997).

Deliberate indifference is an extremely high standard to meet and requires a showing that "the officials 'refused to treat [the prisoner], ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" Domino v. Texas Dept. of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001) (citing Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985)).

Plaintiff points to a single date when he did not received his breathing treatment in a timely

manner, and the problem was addressed through the grievance process. Plaintiff also complains about his blood pressure medications. He requested that the medications be discontinued, and they were. Plaintiff has not alleged facts indicating that Defendants refused to treat him, ignored his complaints, intentionally treated him incorrectly, or otherwise showed a wanton disregard for any serious medical need.

Plaintiff disagrees with the determination that he does not require routine blood pressure checks. However, a disagreement with diagnosis or treatment cannot support a claim of deliberate indifference. See Banuelos v. McFarland, 41 F.3d 232, 235 (5th Cir. 1995); Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

To the extent that Plaintiff complains about the co-pay for sick calls, he fails to state a constitutional claim. Charging inmates for medical care is not unconstitutional. Deducting payments from a prison trust account does not of itself violate the Eighth Amendment's prohibition against cruel and unusual punishment. See Morris v. Livingston, 739 F.3d 740, 749 (5th Cir. 2014). "There is . . . no general constitutional right to free health care." Reynolds v. Wagner, 128 F.3d 166, 174 (3d Cir. 1997); see also City of Revere v. Massachusetts Gen. Hosp., 463 U.S. 239, 244–45 & n. 7 (1983). Plaintiff does not allege that he was ever denied medical care because of an inability to pay.

Finally, the Prison Litigation Reform Act provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Plaintiff has not alleged that he suffered more than a *de minimis* physical injury as a result of the alleged deprivation of medical care.

### Conclusion

For the forgoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaint be **DENIED** and **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)© and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before rendering a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers in Monroe, Louisiana, this 2nd day of September, 2016.

_____
Karen L. Hayes
United States Magistrate Judge